LUSONRAY HOLDING COMPANY, INC., Plaintiff, *v.* WILLIAM H. McCASTLINE, Defendant.

First Department, May 28, 1920.

Landlord and tenant — lease containing option to terminate on sale of premises — option properly exercised — termination of sublease.

In an action to recover possession of certain premises held by the defendant under a sublease from the lessee of the plaintiff's predecessor in title it appeared that the lease to the defendant's lessor contained a clause giving to the lessor the option to terminate the lease on the first of any month in case of a sale of the premises, that the sublease to the defendant

contained no such provision, and that the owner of the building exercised its option to terminate the lease.  On all the evidence, *held*, that the option given to the landlord under the lease to the defendant's lessor was rightfully and properly exercised, that there was no violation in the surrender of the premises of the terms of the option, but that such surrender was under and pursuant to the same, and that the sublease of the defendant expired with the termination of the main lease.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Burnstine & Geist [Abraham A. Hoffmann]*, for the plaintiff.

*Walter L. Bunnell*, for the defendant.

DOWLING, J.::

On February 1, 1917, the Dorilton Corporation, then the owner of premises 549 Riverside Drive in the borough of Manhattan, city of New York, executed a lease in writing of the entire premises to William P. Sheridan for the term of five years and five months commencing February 1, 1917, which said lease contained no clause against subletting.  It was duly recorded in the office of the register of the county of New York on March 18, 1918.  It contained among other things the following provision: " That the said lessor and its assigns shall have the option or privilege in case of sale of terminating this lease on the first day of any month during the term hereby demised and that the said lessee on receiving notice by registered mail or otherwise from the said lessor or its assigns of its intention to terminate this lease will quit and surrender up possession of the said demised premises to the said lessor on the first day of the month next ensuing such notice." On June 13, 1919, William P. Sheridan executed a lease of apartment 1B in the aforesaid premises to the defendant, the term whereof was to begin October 1, 1919, and expire September 30, 1920.  This latter lease contained no provision for the surrender or cancellation thereof in case of a sale of the premises.  On or about November 5, 1919, plaintiff entered into an agreement with the No. 549 Riverside Drive Corporation, the owner of the said premises, for the purchase thereof, title to pass on December 1, 1919.  On November 6, 1919, the No. 549 Riverside Drive Corporation, then being the

First Department, May, 1920.                    [Vol. 192.

owner of the premises and also the assignee of the lessor in the lease to Sheridan, gave the latter written notice that it had entered into a written contract for the sale of the premises in question and that pursuant to the terms of said lease dated February 1, 1917, between the Dorilton Corporation and Sheridan it elected to cancel the said lease and thereby did cancel and terminate the same on the first day of December next, and that it expected Sheridan to quit and surrender up possession of said premises and execute the necessary and proper surrender of same on December 1, 1919, upon payment to him, which would at that time be made, of the various items and sums provided for in said lease. Thereafter the date for closing title was adjourned and notice thereof was given to Sheridan to the effect that the adjournment would be beyond December first, and that pending such adjournment the original notice was withdrawn. The time for passing title was finally fixed for December 18, 1919, and notice was given to Sheridan that pursuant to the terms of the lease the No. 549 Riverside Drive Corporation elected to cancel the same and it thereby canceled and terminated the lease on the first day of January following, and would expect him to quit and surrender up possession of the said premises and execute a necessary and proper surrender of the same on January 1, 1920, upon payment to him, which would at that time be made, of the various items and sums provided for in said lease. This notice in all respects complied with the provisions of the lease between the Dorilton Corporation and Sheridan and under it the successor in interest of the said corporation exercised the option and terminated said lease as of January 1, 1920. Upon the closing of title Sheridan executed an instrument in writing whereby, for value received, he surrendered, quit-claimed and released to the No. 549 Riverside Drive Corporation all his lease, and the unexpired term thereof, and acknowledged receipt in full of all moneys and consideration due to him by the landlord under and pursuant to the terms of said lease, and he thereby further declared that he that day quit and surrendered said premises and that the said lease was in all respects canceled from that date. It is conceded that he received the full payment called for under the option clause of the lease. It is also conceded that when he delivered

the written instrument referred to, it was on the condition, agreement and understanding that he was to continue in possession of the premises the entire month of December, 1919, and that he would collect and retain the rents for the apartments in said premises under his aforesaid lease. This Sheridan did and he collected the rents of the building for December, and upon the closing of title made all adjustments with the No. 549 Riverside Drive Corporation on the basis of his tenancy terminating as of January 1, 1920, and all adjustments for rent and otherwise between the plaintiff as purchaser and said No. 549 Riverside Drive Corporation as seller were made as of January 1, 1920. On December 22, 1919, plaintiff notified defendant in writing that its option to terminate the aforementioned lease of Sheridan from the Dorilton Corporation had been exercised as therein provided and that said lease would terminate according to its terms on January 1, 1920, and that accordingly the term of the lease held by defendant from said Sheridan would likewise terminate. The notice contained a demand that the defendant surrender the premises occupied by him to plaintiff on January 1, 1920. This the defendant has declined to do and asserts his right to retain possession under the lease from Sheridan.

I am of the opinion upon the agreed state of facts herein that the option given to the landlord under the lease to Sheridan was rightfully and properly exercised and that the actual transaction between the No. 549 Riverside Drive Corporation and Sheridan was one by which, upon the exercise of such option, Sheridan received all the consideration which he was entitled to receive under the option clause in the lease to him, and that in return therefor, still pursuant to the provisions of the lease, possession was surrendered by him in fact and pursuant to the actual agreement of the parties, on January 1, 1920, and that there was no violation in such surrender of the terms of the option but that such surrender was under and pursuant to the same. There being no departure from the terms of the cancellation clause contained in the lease to Sheridan the subleases expired with the termination of the main lease.

The plaintiff is, therefore, entitled to judgment decreeing that the lease held by defendant from William P. Sheridan was

duly terminated and came to an end on January 1, 1920, and that the plaintiff is entitled to the possession of the apartment occupied by the defendant and has been entitled to such possession since January 1, 1920, and awarding to the plaintiff such possession of the premises.

CLARKE, P. J., LAUGHLIN, PAGE and GREENBAUM, JJ., concur.

Judgment ordered for plaintiff as indicated in opinion. Settle order on notice.